PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __EASTERN__ DISTRICT OF TEXAS

FILED: **5/17/18**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

__LUFKIN__ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__ELLOYD JOHNSON__
PETITIONER
(Full name of Petitioner)

__TEX. DEPT. OF CRIM. JUSTICE-CID__
CURRENT PLACE OF CONFINEMENT

vs.

__840854__
PRISONER ID NUMBER

__LORIE DAVIS__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

9:18cv85
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-25) probation or deferred-adjudication probation.
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _195TH JUDICIAL DISTRICT_

   _DALLAS COUNTY_

2. Date of judgment of conviction: _AUG. 7, 1998_

3. Length of sentence: _99 YEARS_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _F-98-00897 DEL. CON. SUB. ENHANCED_

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one) ☐ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☐ Jury ☐ Judge Only

7. Did you testify at trial? ☐ Yes ☐ No

8. Did you appeal the judgment of conviction? ☐ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

    _____ Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☐ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☒ No

16. Are you eligible for release on mandatory supervision? ☒ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    POLUNSKY UNIT 3872 FM 350 SOUTH LIVINGSTON, TEXAS 77351

    Disciplinary case number: 20180080762

    What was the nature of the disciplinary charge against you? LEVEL 2 OR 3 OFFENSE, FAIL TO OBEY A ORDER

18. Date you were found guilty of the disciplinary violation: NOV. 29, 2017

    Did you lose previously earned good-time days? ☒ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    45 DAYS

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    45 COMMISSARY AND CELL RESTR. DAYS; REDUCTION IN LINE CLASS FROM L-2 TO L-3

    (1) ONE YEAR HAVE TO EXCEED BEFORE CONSIDERATION OF PROMOTION OF BEING ELIGIBLE

    FOR RELEASE IN ORDER FOR NECESSARY DOCUMENTS TO BE REFERRED TO B.P.P. PANEL, AT NOV. 2019

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: "CUSTOMARY RESPONSE NO VALID REASON WARRANT OVERTURNING"

-5-

Date of Result: DEC. 28, 2017

Step 2 Result: SUBVERSIVELY INFORMED PETITIONER THAT HE REFUSED TO ATTEND SAID HEARING

Date of Result: NO CORRECTIVE ACTION IS WARRANTED BY THIS OFFICE FOR THIS APPEAL" JAN. 30, 2018

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** PRISON OFFICIALS AND BPP FAIL TO ACKNOWLEDGE THEIR ABUSE OF DISCRETION ON DENYING PETITIONER'S ANNUAL ELIGIBILITY FOR RELEASE DOCTRINE.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   PETITIONER'S ENTITLEMENT FOR ELIGIBILITY FOR RELEASE IS INFACT ABUSED BY PRISON OFFICIALS UNDER LINE CLASS STATUS WHERE PAROLE CONSIDERATION BY THE BPP DO NOT WARRANT INFORMING PETITIONER, IF.. OR WHAT.. WAS CONDUCTED ON STANDARD REVIEW DATE. THE BPP SILENCE THE RECORD BY NOT PROVIDING PETITIONER ANY FORM OF DIRECTION OR DISPOSITION DUE TO BEING LINE 3 FOR SAME LEVEL 2 OR 3 OFFENSE THAT SHOULD HAVE BEEN WAIVED DUE TO MEDICAL PASS.

B. **GROUND TWO:** PRISON OFFICIALS AND THE BPP TAKE AWAY TEXAS MANDATORY SUPERVISION RELEASE SYSTEM BY SILENCING THE RECORD WHEN STATUS IS LINE 2 OR 3 OR GOODTIME TAKEN.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   UNDER THE SUPRA STATUS PRISON OFFICIALS DO NOT REFER THE NECESSARY DOCUMENTATION IN ORDER TO CONDUCT A PROPER CONSIDERATION ANALYSIS THAT WILL SATISFY A STANDARD REVIEW PROCESS BY THE BOARD OF PARDONS AND PAROLES PANEL WITHOUT A UPDATED INTERVIEW FROM PETITIONER. PRISON OFFICIALS AND BPP PANEL SCHEME.. VIOLATES TEXAS LEGISLATURE STATUTE PAROLE SYSTEM LAW.

C. **GROUND THREE:** PRISON OFFICIAL'S POLICY SCHEME INTERVENES WITH STATE JUDICIAL AND STATUTE LAW... WHEN IT TAKE AWAY "HOPE" FOR RELEASE BY PETITIONER.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): PRISON OFFICIALS DISCIPLINARY DISCRETION WHEN GRADING WHAT OFFENSE REPORT WILL BE MAJOR OR MINOR IS THE BERTH OF THE SCHEME WHERE REMAIN UNDER LINE I STATUS EXCEEDS A YEAR, AND CONSIDERATION FOR PROMOTION VARYS DUE TO IF PETITIONER CATCH A MAJOR CASE, THE YEAR STARTS OVER FROM THE MAJOR CASE DATE. PETITIONER HAVE BEEN INTERVIEW FOUR TIMES... BUT CONFINED 21 YEARS?

D. **GROUND FOUR:** THE BOARD OF PARDONS AND PAROLES PANEL OF TEXAS... MAKES THIS SCHEME WORK BY SILENCING THE RECORD... IN SUPPORT OF PRISON OFFICIALS POLICY.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): TEXAS BPP. PANEL DUTY TO CONSIDER PETITIONER FOR RELEASE... IS IN FACT AT THE DISCRETION OF PRISON OFFICIALS... THE BPP ALLOW THIS METHOD BY REMAINING SILENT... THE BPP KNOWLEDGE OF PRISON OFFICIALS NOT PROVIDING RELEASE CONSIDERATION DOCUMENTS... AND NOT NOTIFYING PETITIONER... IS QUESTIONABLE, WHEN (SCOTUS) PERMITTS STATES TO CONDUCT THEIR OWN PAROLE SYSTEM...?

21. Relief sought in this petition: IMMEDIATE RELEASE.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☐ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____

    _____

    _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: _____

    (d) At sentencing: _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____MAY 14 2018_____ (month, day, year).

Executed (signed) on ____5-14-18____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _POLUNSKY UNIT- 3872 FM 350 SOUTH - LIVINGSTON, TEXAS 77351_

# EXHIBIT A

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

THIS A STEP 1 AND 2 PROCESS

Offender Name: ELLOYD JOHNSON     TDCJ # 840854
Unit: POLUNSKY     Housing Assignment: 8-J-31-B
Unit where incident occurred: NOT AVAILABLE WHERE DISCIPLINARY HEARIN WAS HELD.

OFFICE USE ONLY
Grievance #: 2018050879
Date Received: DEC 05 2017
Date Due: 1-4-18
Grievance Code: 400
Investigator ID #: I1868
Extension Date: ___
Date Retd to Offender: DEC 28 2017

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing. (APPEAL PROCESS)

Who did you talk to (name, title)? DHO: T. STERN; C.S.: CRICE., CASE NO. 2018080762     When? NOV. 29, 2017

What was their response? DENIAL OF OPPORTUNITY TO BE HEARD; DENIAL OF RIGHT TO FACE HIS ACCUSER; VIOLATION PROCEDURES

What action was taken? BEFORE THE HEARING IV. A. NOTICE OF CHARGES 4.; VIOLATION OF VI. A. PRESENCE OF OFFENDER AT THE HEARING:

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

ON THE SUPRA DATE A DISCIPLINARY OFFENSE AGAINST GRIEVANT WAS HELD BY THE TWO PARTIES.. DHO: T. STERN AND C.S. CRICE., THESE PRISON STAFF MEMBERS OR EMPLOYEES OF TDCJ, DID INFACT VIOLATE TEX. DEPT. OF CRIM. JUSTICE DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS... THROUGH STATE STATUTES OR REGULATIONS WHILE, PROTECTED LIBERTY INTEREST CAN BE CREATED. SEE COLEMAN V. DRETKE, 395 F.3d 216, 221 (5TH CIR. 2004)., FOR "DEPRIVATION (SCHEME) PROCEDURES WERE CONSTITUTIONALLY INSUFFICIENT." BY COUNSEL SUBSTITUTE: CRICE AND DHO: T. STERN AS FOLLOW:

RULE IV. A. 4. "AN OFFENDER ACCUSED OF DISCIPLINARY CHARGES MAY WAIVE ATTENDING THE HEARING. AT THE TIME OF NOTICE OF CHARGES THE OFFENDER SHALL BE ASKED IF HE WISHES TO ATTEND THE HEARING. THE OFFENDER'S DECISION (YES OR NO) SHALL BE DOCUMENTED ON THE DISCIPLINARY REPORT AND HEARING RECORD." IF THE OFFENDER ELECTS NOT TO ATTEND THE HEARING A PLEA SHALL ASKED, AND THEN ADVISED THAT IF HE DECIDES TO ATTEND SUBMIT A WRITTEN REQUEST TO THE DHO. THE DHO SHALL REVIEW (GRIEVANT) DECISION TO WAIVE ATTENDANCE... WHATS NOT CLEAR IS THE EVIDENCE OF REVIEW OF THE GRIEVANTS DECISION TO WAIVE ATTENDANCE.. THE DHO AT A. 3 "SHALL RECORD ON THE RECORDING OF THE DECISION TO WAIVE RIGHT TO 24 HR. NOTICE. OFFENDER SHALL BE INFORMED THAT A COUNSEL SUB. WILL BE ASSIGNED UNLESS HE WAIVES REPRESENTATION. COUSEL SUB VIOLATED B. 1 a b. C, AND 2.; D. RECORDER SHALL NOT BE TURNED OFF AT ANY TIME DURING THE TAKING OF THE EVIDENCE. REGARDLESS OF THE DHO OPINION.

LEGAL ANALYSIS

LIBERTY INTEREST IN RIGHT TO PAROLE CONSIDERATION AT SPECIFIED TIME WHEN CREATED BY STATE LAW SEE BURNETTE V FAHEY, 687 F.3d 171, 181 (4TH CIR. 2012); LIBERTY INTEREST IN PREVIOUSLY EARNED GOOD-TIME CREDITS CREATED BY STATE MANDATORY SUPERVISION SCHEME AND EXPECTANCY OF EARLY RELEASE CREATED BY STATE REGULATION SEE TEAGUE V QUARTERMANN 482 F.3d 769, 777 (5TH CIR. 2007).

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix F

(RIGHT TO ATTEND PRISON DISCIPLINARY HEARING ESSENTIAL TO DUE PROCESS PROTECTION) FOR THE "NOTIFICATION" TO OFFENDER ON THE TDCJ DISCIPLINARY REPORT FORM I-47MA).. THE "OFFENDER NOTIFICATION" AT LINE 3 IS SUBVERSIVELY QUESTIONABLE ON BOTH (YES) AND (NO), AND 4TH LINE: GUILTY (NOT) GUILTY? WITH LINE 5 DECLINED TO SIGN? THE DHO SHOULD HAVE CONTACTED GRIEVANT DUE TO THE QUESTIONABLE APPEARANCE OF DOCUMENT. FURTHER THE DHO USED AT THE "HEARING INFORMATION" A NONE COMPLIANCE #3 WHICH DO NOT RELATE TO NOT ATTENDING OR WAIVE ATTENDANCE?

THIS WILL BE SUBMITTED

**Action Requested to resolve your Complaint.** OVERTURN THE DISCIPLINARY OFFENSE

**Offender Signature:** _[signature]_ **Date:** DEC. 1, 2017

**Grievance Response:**

Disciplinary case 20180080762 has been reviewed. No procedural or due process errors were identified. It appears there was sufficient evidence to support a guilty verdict. The punishment imposed was within guidelines. Therefore, there is no valid reason to warrant overturning this case.

**Signature Authority:** _Tresea Jefferson_ Tresea Jefferson AW **Date:** 12/08/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ |

Appendix F

# Texas Department of Criminal Justice

## STEP 2 OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2018050879
UGI Recd Date: JAN 02 2018
HQ Recd Date: JAN 05 2018
Date Due: 
Grievance Code: 400
Investigator ID#: 851
Extension Date:

Offender Name: ELLAYA JOHNSON     TDCJ # 840834
Unit: POLUNSKY   TL   Housing Assignment: 8-J-31-B
Unit where incident occurred: NOT AVAILABLE LOWER LJAS HELD

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

PRISON OFFICIALS RESPOND UNDER THE SAME CUSTOMARY ANSWER... THAT MERITLESSLY IGNOR THE CLAIMS ASSERTED ON THE STEP 1...

LEGAL ANALYSIS

PRISON OFFICIALS FAILING TO APPLY STATUTORILY MANDATED CRITERIA IN DETERMINING GRIEVANT'S ELIGIBILITY FOR RELEASE..., AND REFUSING TO EXPLAIN ADEQUATELY ITS REASONS FOR DENYING ELIGIBILITY FOR RELEASE BY NOT SENDING GRIEVANTS PAROLE PROCEEDING DOCUMENTS FOR INTERVIEW FOR PAROLE AND REJECTING TO INTERVIEW... GRIEVANT IN JUNE OF 2017, SEE GREENHOLTZ V NEBRASKA 442 U.S.I, 60 L ED 2d 668, 99 S. CT. 2100 TO CREATE AN EXPECTANCY OF RELEASE AND THUS A LIBERTY INTEREST [IN PRISON OFFICIALS] [792 F. 2d 1404... PRISON OFFICIALS DISCIPLINARY PROCEDURES SHOULD NOT ACT AS A PAROLE BOARD AT THE STATUTE LEVEL WITH IT'S PRISON POLICY.

*THIS WILL BE SUBMITTED ACCORDINGLY*

**Offender Signature:** [signature]　　　　　　　　　　　　**Date:** DEC. 30, 2017

**Grievance Response:**

Review of Major Disciplinary Case #20180080762 has been completed. Records indicate that you were provided the opportunity to attend your hearing in order to present your defense, however, you refused to attend said hearing. The 24.0 disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charge. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within Agency guidelines. No corrective action is warranted by this office for this appeal.

**Signature Authority:** M. Blalock　M. BLALOCK　　**Date:** JAN 30 2018

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

### OFFICE USE ONLY

**Initial Submission**　　CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**　　CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**　　CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)　　　　　　　　　　　　Appendix G

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

OFFICE OF THE CLERK

MAY 14, 2018

HONORABLE UNITED STATES DISTRICT COURT, EASTERN DISTRICT DAVID A. O'TOOLE, CLERK.
UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TEXAS
104 NORTH THIRD STREET
LUFKIN, TEXAS 75901
RE: ELLOYD JOHNSON V. LORIE DAVIS, DIR. TDCJ-CID
  DISCIPLINARY ACTION NO. 20180020254
 DEAR MR. O'TOOLE:

ENCLOSED FOR FILING IS PETITIONER "PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY." TWO COPIES.

PLEASE GIVE NOTICE UPON RECEIPT.

 THANK YOU RESPECTFULLY FOR YOUR ASSISTANCE.

SINCERELY

[signature]

PETITIONER - PAUPER

C/C PROVIDED UPON REQUEST
  EJ

ELLOYD JOHNSON #840854
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
  OFFICE OF THE CLERK
 104 NORTH THIRD STREET
  LUFKIN, TEXAS 75901

PLRA